IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RANDY KEITH SCOTT,

                Plaintiff,

v.

DANIEL L. LAVOIE and NICOLE BROWN,

                Defendants.

ORDER

24-cv-103-jdp

---

Plaintiff Randy Keith Scott, proceeding without counsel, alleged that defendants ignored his complaints about nerve pain and refused to give him medication for that condition. Dkt. 1. I allowed Scott to proceed on an Eighth Amendment medical care claim against defendants Dr. Daniel L. Lavoie and Nicole Brown. Dkt. 6. The key allegation against Dr. Lavoie was that he discontinued Scott's prescription for oxcarbazepine and refused to give him any other pain medication. *Id.* at 2–3.

Scott moves to amend the complaint to add a medical care claim against Dr. Laura C. Sukowaty. Dkt. 24. The only material difference between the original and amended complaints is that Scott now faults Dr. Sukowaty, not Dr. Lavoie, for canceling his oxcarbazepine prescription and refusing to provide alternative pain medication. Dkt. 24-1 at 2. The amended complaint states medical care claims against Dr. Sukowaty and Brown.

That's not the case for Dr. Lavoie. Scott alleges that Dr. Lavoie is responsible for ensuring that prisoners receive adequate medical care because he's a supervisor, and that he has "any and all say" in prescribing medication. *Id.* at 2. This bare allegation doesn't plausibly suggest that Dr. Lavoie played a role in either the cancelation of Scott's oxcarbazepine prescription or the failure to prescribe alternative pain medication. *See Ashcroft v. Iqbal*,

556 U.S. 662, 677 (2009) (stating that "supervisory liability" is a misnomer and that a defendant is "only liable for his . . . own misconduct" in civil rights cases); *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) ("Individual liability under [42 U.S.C.] § 1983 . . . requires personal involvement in the alleged constitutional deprivation." (alteration adopted)).

I will grant the motion to amend and add Dr. Sukowaty as a defendant. I will give defendants 14 days to file a notice stating whether they will accept service for Dr. Sukowaty. I will dismiss Scott's medical care claim against Dr. Lavoie and remove him as a defendant. Scott may, however, file a supplement not to exceed two (2) pages in which he clarifies his allegations against Dr. Lavoie. If the allegations in the supplement state a medical care claim against Dr. Lavoie, I will reinstate Dr. Lavoie as a defendant and allow Scott to proceed on that claim against him.

In view of these rulings, I will give defendants five days to file a notice stating whether they wish to pursue their pending motion for partial summary judgment on exhaustion grounds or withdraw that motion and file a new motion once the claims and allegations on which Scott is proceeding have been fully determined. If defendants decide to file a new motion, the court will reset the deadline for filing a dispositive motion for failure to exhaust administrative remedies.

Scott has also moved for preliminary injunctive relief. Dkt. 25. Scott's motion doesn't strictly comply with this court's procedures for motions for injunctive relief, but he makes serious allegations about the denial of pain medication and supports the motion with a declaration and other evidence. I will order defendants to respond to the motion. Defendants must support their response with a declaration from someone with knowledge of Scott's relevant medical history, but the response need not fully comply with the court's procedures

2

to responding to motions for injunctive relief. Once defendants have responded, if the court believes a reply is necessary, it will instruct Scott on how to file a reply.

ORDER

IT IS ORDERED that:

1. Plaintiff Randy Keith Scott's motion to amend, Dkt. 24, is GRANTED.

2. Plaintiff is GRANTED leave to proceed on an Eighth Amendment medical care claim against Dr. Laura C. Sukowaty.

3. Dr. Sukowaty is to be added as a defendant.

4. Defendants may have until October 21, 2024, to notify the court whether they are willing to accept service on behalf of Dr. Sukowaty.

5. Dr. Lavoie is to be removed as a defendant.

6. The amended complaint, Dkt. 24-1, is to be docketed as a separate entry.

7. Scott may have until October 21, 2024, to file a supplement not to exceed two (2) pages that clarifies his allegations against Dr. Lavoie.

8. Defendants may have until October 21, 2024, to respond to Scott's motion for preliminary injunction.

Entered October 7, 2024.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge