IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RANDY KEITH SCOTT,

                      Plaintiff,

  v.

NICOLE BROWN and DR. LAURA C. SUKOWATY,

                      Defendants.

OPINION and ORDER

24-cv-103-jdp

---

Plaintiff Randy Keith Scott, proceeding without counsel, alleges that defendants ignored his complaints about nerve pain and refused to give him medication for that condition. Dkt. 1 and Dkt. 32. I allowed Scott to proceed on an Eighth Amendment medical care claim against defendant Dr. Sukowaty and defendant Health Services Unit Manager Nicole Brown. Dkt. 6 and Dkt. 31.

Defendants move for summary judgment on exhaustion grounds under the Prison Litigation Reform Act (PLRA). Dkt. 42. Defendants contend that Scott failed to exhaust his administrative remedies because his inmate complaint didn't give them notice of his claim and an opportunity to correct it. The undisputed evidence shows otherwise, so I will deny the motion. I will deny Scott's request to deny the summary judgment motion based on defendants' failure to submit proposed findings of fact. Dkt. 47.

ANALYSIS

Under the PLRA, "[a]n inmate complaining about prison conditions must exhaust administrative remedies before filing suit." *Conyers v. Abitz*, 416 F.3d 580, 584 (7th Cir. 2005). A prisoner satisfies the exhaustion requirement if his inmate complaint gives the prison "notice

of, and an opportunity to correct, a problem." *Schillinger v. Kiley*, 954 F.3d 990, 996 (7th Cir. 2020). An inmate complaint meets this requirement "if it provides notice to the prison of the nature of the wrong for which redress is sought." *See id.* at 995. The PLRA doesn't contain a "name all defendants" requirement. *Jones v. Bock*, 549 U.S. 199, 217 (2007). But "a grievance must contain enough information about who caused the grieved [person a] problem so that a prison can properly investigate and resolve grievances." *Jackson v. Esser*, 105 F.4th 948, 960 (7th Cir. 2024).

As a preliminary issue, Scott asks me to deny defendants' motion based on their failure to submit proposed findings of fact. I will deny Scott's request because this procedural requirement doesn't apply to dispositive motions on exhaustion grounds. Dkt. 17 at 4.

As for the substance of defendants' motion, Scott's inmate complaint exhausted his claim against Sukowaty. Scott bases this claim on the allegation that Sukowaty discontinued his oxcarbazepine and refused to prescribe gabapentin (which an offsite specialist had recommended) or other pain medication for a nonmedical reason (i.e., to punish him for a conduct report based on his failure to provide a proper urine sample). Dkt. 6 at 2; Dkt. 31 at 1. Similarly, Scott alleged in his inmate complaint that the "medical director" refused specialists' recommendations to prescribe gabapentin based on a determination that he was caught with illegal drugs and provided a "dirty urine" sample. Dkt. 23-2 at 12. Defendants argue that this allegation didn't give them notice of Scott's claim because Sukowaty is not the medical director. But it's undisputed that Sukowaty denied the specialist's recommendation to prescribe gabapentin, and that she based her decision in part on a report that Scott had been found guilty of using intoxicants. Dkt. 44 at 2. Even though Scott misstated Sukowaty's official title,

the inmate complaint provided enough information for prison officials to determine that he was referring to her. I will deny defendants' motion on Scott's claim against Sukowaty.

Scott's inmate complaint exhausted his claim against Brown. Scott bases this claim on the allegation that Brown ignored health services requests in which he complained about his nerve pain and Dr. Sukowaty's refusal to prescribe gabapentin or other pain medication. Dkt. 6 at 4; Dkt. 31 at 1. Similarly, Scott alleged in the inmate complaint that he wrote the "HSU manager but [that] she never responded back" even though he was in pain. Dkt. 23-2 at 10. Defendants argue that this statement didn't give them notice of Scott's claim against Brown because he wrote it in the section of the complaint form that required him to describe his efforts to informally resolve his issue, which is a separate exhaustion requirement. Dkt. 43 at 14 (citing Wis. Admin. Code DOC § 310.07(5)). But the institution complaint examiner, R. Cordero, contacted Brown in response to the inmate complaint, and Brown discussed her response to a request for medical care that Scott made shortly after Sukowaty refused to prescribe gabapentin. Dkt. 23-2 at 2. In that request, which Brown answered on November 13, 2023, Scott complained about Sukowaty's refusal to prescribe gabapentin and the denial of medical treatment for his nerve pain. Dkt. 27-18 at 21. Defendants are correct that Brown's response to Scott's request wasn't the focus of the investigation of the inmate complaint; the failure to prescribe gabapentin and the medical basis for that decision were. But the inmate complaint and Cordero's review of the November 13 request together provided enough information for Cordero to realize that Scott faulted Brown for failing to intervene in Sukowaty's refusal to prescribe gabapentin or other pain medication. I will deny defendants' motion on Scott's claim against Brown.

ORDER

IT IS ORDERED that:

1. Defendants' motion for summary judgment on exhaustion grounds, Dkt. 42, is DENIED.

2. Plaintiff's motion to deny defendants' summary judgment motion based on their failure to submit proposed findings of fact, Dkt. 47, is DENIED.

Entered March 27, 2025.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge